```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

DAMIEN A. SUBLETT,               )
                                 )
     Plaintiff,                  )
                                 )          Civil Case No.
v.                               )          5:15-cv-16-JMH-REW
                                 )
SGT. JUSTIN T. BRYANT, et al.,   )     MEMORANDUM OPINION AND ORDER
                                 )
     Defendants.                 )
                                 )
                                 )
```

***

This matter is before the Court upon Plaintiff's motion for preliminary injunction, [DE 7]. Plaintiff seeks an order directing Defendants to "cease and desist any and all retaliatory action against plaintiff for exercising his First Amendment rights to file grievances premised on plaintiff's Fourth Amendment right to privacy as well as access to the courts."

Plaintiff alleges that, on two occasions, female corrections officers violated his right to privacy under the Fourth Amendment by staring at his penis. Plaintiff reports that he filed grievances based on these incidents and faced discipline from prison staff as a result. The first incident involved Officer Parrett, who Plaintiff alleges watched him while he urinated on January 9, 2015. The second event alleged in Plaintiff's complaint involves Officer McKinney. Plaintiff claims that on March 3, 2015, McKinney "came to his bed area and stared at his crotch while he

was lying in bed wearing only boxer shorts." Plaintiff states that he filed a grievance based on this incident and was disciplined for doing so on March 12, 2015.

When deciding whether to issue a preliminary injunction, the court considers four factors: 1) whether the applicant has demonstrated a strong likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent an injunction; 3) whether issuance of the injunction will substantially injure the other interested parties (including defendant); and 4) whether the public interest is advanced by the issuance of the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 6th Cir. 2000). All of the factors are weighed, but in this context, the first is given near-controlling consideration. *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) ("[w]hen a party seeks a preliminary injunction on the basis of a potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor.")

As a threshold matter, the Court notes that prisoners wishing to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. *See Morgan v. Tenn. Dept. of Corr.*, 92 F. App'x 302, 303 (6th Cir. 2004) (citing 42 U.S.C. § 1997e(a)). The prisoner bears the burden of demonstrating that these remedies have been exhausted. *Id*. at 304. When it comes to the claim involving Officer McKinney,

2

Plaintiff has provided no documentation demonstrating that he filed a grievance or pursued his administrative remedies in any way. As for the claim involving Officer Parrett, Plaintiff has failed to allege that he exhausted his administrative remedies. While he has provided his grievance form and his request for a hearing, he fails to inform the court of the hearing's outcome (which the Court presumes was not in Plaintiff's favor) or of any appeal to the Warden or the Commissioner. *See* DE 1-1 at Page ID 20 (Inmate Grievance Process); *see also Almeida v. Yanai*, 46 F. App'x 337, 338 (6th Cir. 2002) ("To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims."). Because Plaintiff has not shown that he exhausted his administrative remedies with respect to his claims, he has not demonstrated a likelihood of success on the merits.

Furthermore, Plaintiff's conclusory allegation that he would suffer irreparable injury in the absence of an injunction is insufficient. The relief that Plaintiff seeks is purely speculative—to be free from retaliation if he files future grievances. It is well established that injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *See Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

The third and fourth factors also weigh against granting an injunction in this instance. Plaintiff asks the Court to interfere in the day-to-day operations of the defendant penological institution by directing it, prospectively, to avoid disciplining him for what it may determine to be frivolous complaints. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (stating that prison administrators and not the courts are to make the difficult judgment concerning institutional operations). The defendant would be harmed and the public interest would not be served by such an intrusion.

A preliminary injunction is an extraordinary remedy "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). For the reasons stated herein, Plaintiff has not met that burden and his motion must therefore be denied.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for a preliminary injunction, [DE 7], is hereby **DENIED.**

This the 14th day of October, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4